Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

Eastern District of Virginia

Newport News Division

| | |
|---|---|
| Rev. Carl A. Melvin of 31 Pacific Drive, Hampton, Virginia 23666-5722 <br><br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br><br> -v- <br><br> Hampton-Newport News Community Services Board of 300 Medical Drive, Hampton, Virginia, 23666 <br><br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 4:19cv69 <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*  ☒ Yes  ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Rev. Carl A. Melvin |
| Street Address | 31 Pacific Drive |
| City and County | Hampton |
| State and Zip Code | VA 23666 |
| Telephone Number | 804-647-8429 |
| E-mail Address | rev-cmelvin@peoplepc.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: Hampton-Newport News Community Services Board
- Job or Title *(if known)*: Administrative Office or Human Resources Department
- Street Address: 300 Medical Drive
- City and County: Hampton
- State and Zip Code: VA 23666
- Telephone Number: 757-788-0300
- E-mail Address *(if known)*:

Defendant No. 2
- Name: Patrick B. McDermott
- Job or Title *(if known)*: Attorney for the HNNCSB
- Street Address: 12350 Jefferson Ave., Suite 140
- City and County: Newport News
- State and Zip Code: Virginia 23602
- Telephone Number: 757-722-0611
- E-mail Address *(if known)*: pmcdermott@mcdermottward.com

Defendant No. 3
- Name: N/A
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name: N/A
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Hampton-Newport News Community Services Board |
| Street Address | 300 Medical Drive |
| City and County | Hampton |
| State and Zip Code | VA 23666 |
| Telephone Number | 757-788-0386 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

Not Responding to Harassment and Targeting Complaint Against Coworker; Not Responding to Charges and Allegations Against Coworker; Not Accurately Responding to Harassment and Targeting Complaint Against Coworker's Client, M.W.; Retaliation and False Reporting.

☒ Relevant state law *(specify, if known)*:

Code of Virginia 2.2-3011: Retaliation; Hostile Working Environment

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Not Responding to Harassment and Targeting Complaint Against Coworker; Not Responding to Verbal Abuse Charge, Neglect, and Allegations Against Coworker; Not Accurately Responding to Targeting and Harassment Complaint Against Coworker's Client, M.W. and False Reporting.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

(Targeting by B.M.) Sept 18-Nov 21, 2017 (Targeting Increases by B.M) Nov 27-Dec 4, 2017;(Targeting Reported to Supervisors) Dec 4, 2017; (Targeting by B.M. Continues and Increases, Retaliation by Supervisor) Dec 10-Feb 20, 2018; (M.W. Incident and Supervisory Investigation) Feb 13-19, 2018;(Targeting Reported to Supervisors Again and M.W. Allegation Meeting) Feb 20, 2018; (Retaliation by Supervisors, Administrative Leave Notice, Second Investigation, and Termination) Feb 21-March 12, 2018; (Grievance Process, Retaliation by HR KT, Hearing, and Closing Date.) April 2-Sept 11, 2018

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race _____
- ☐ color _____
- ☒ gender/sex _____
- ☐ religion _____

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

_____

E. The facts of my case are as follows. Attach additional pages if needed.

I, Rev. Carl A. Melvin lost my standing, position, reputation, and relationship with the Hampton-Newport News Community Services Board as a result of my former coworker, Mrs. Bethany Miller and her client M.W. targeting and harassing me; retaliation by my former supervisor, Mrs. Brianna Berkley and administration for reporting; false report by Mrs. Bethany Miller and her client M.W., supported by Mrs. Brianna Berkley; and the discrimination, retaliation, and unfair practices by the agency, (Code of Virginia 2.2-3011 and VII of Civil Rights Act). See the full complaint and the attachments: EEOC Charge, EEOC Right to Sue, and Complaint and Charge Letter.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

July 16, 2018

B. The Equal Employment Opportunity Commission *(check one)*:
- ☐ has not issued a Notice of Right to Sue letter.
- ☒ issued a Notice of Right to Sue letter, which I received on *(date)* 4/24/2019 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I, Rev. Carl A. Melvin lost my standing, position, reputation, and relationship with the Hampton-Newport News Community Services Board as a result of their targeting, retaliation, discrimination, false report, and unfair practices, (Code of Virginia 2.2-3011 and VII of Civil Rights Act). I seek to face and to cross-examine my actual accusers, specifically to include: former supervisor, Mrs. Brianna Berkley, former coworker, Mrs. Bethany Miller, and her client M.W., to call TDT clients and former TDT Counselor, Ms. Ashli Eley as witnesses to M.W. constantly targeting and harassing me, and to have the verbal abuse charged dropped and to have my name and reputation restored. I seek to prove the charge and allegations against me false. I seek damages in the amount of $300,000 for the lost of position, the loss of status, the targeting, the retaliation, the discrimination, the false report, and the unfair practices of the agency. See the full complaint and the attachments: EEOC Charge, EEOC Right to Sue, and Complaint and Charge Letter.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 25, 2019

Signature of Plaintiff: Rev. Carl A. Melvin

Printed Name of Plaintiff: Rev. Carl A. Melvin

### B. For Attorneys

Date of signing:

Signature of Attorney: N/A

Printed Name of Attorney:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Bar Number  _____

Name of Law Firm  _____

Street Address  _____

State and Zip Code  _____

Telephone Number  _____

E-mail Address  _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
**Newport News** DIVISION

**Rev. Carl A. Melvin**
Plaintiff(s),

v.

Civil Action Number: _____

**Hampton-Newport News Community Services Board**
Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** **the Charge and Complaint**.
(Title of Document)

**Rev. Carl A. Melvin**
Name of *Pro Se* Party (Print or Type)

**Rev. Carl A. Melvin**
Signature of *Pro Se* Party

Executed on: **June 25, 2019** (Date)

OR

The following attorney(s) prepared or assisted me in preparation of **N/A**.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

# United States District Court

## For the Eastern District of Virginia

## Newport News Division

Rev. Carl A. Melvin

31 Pacific Drive, Hampton, VA 23666

Verses

Hampton-Newport News Community Services Board

300 Medical Drive

Hampton, VA 23666

**Attachment: Complaint and Charge Letter**

# My Charge and Complaint Against the Hampton-Newport News Services Board

## Written by Rev. Carl A. Melvin

## June 25, 2019

**TARGETING AND HARASSMENT AND DISCRIMINATION (VII of the Civil Rights Act):** I charge the Hampton-Newport News Community Services Board with failing to pursue, failing to address, and failing to investigate my targeting and harassment complaints against my former coworker Mrs. Bethany Miller at Syms Middle School in Hampton, Virginia.

**RETALIATION (Code of Virginia 2.2-3011 and VII of Civil Rights Act):** In retaliation to my targeting and harassment complaints against Mrs. Miller, (made and documented on December 4, 2018 and prior to that date), I was placed under close scrutiny, not kept informed about events, questioned about my future with the agency, singled out, discriminated against and accused singularly of team-related fractions by supervisor, Mrs. Brianna Berkley.

**TARGETING AND HARASSMENT AND DISCRIMINATION (VII of the Civil Rights Act):** Mrs. Brianna Berkley and the agency allowed and promoted Mrs. Bethany Miller to continue to target and to harass me with a bogus allegation of verbal abuse and misinformation, made on February 20, 2018, even when Mrs. Miller did not intervene or maintain (which was neglect) her client, M.W. when he was harassing, cursing, physically attacking me, and rampaging through my things in the TDT Office at Syms Middle School, on February 13, 2018.

**TARGETING AND HARASSMENT (VII of Civil Rights Act):** In fact, Mrs. Miller did not say nor do anything when her client M.W. was targeting and harassing me; she even left the TDT Office during the assault and the attack, leaving me with a total of 4 TDT clients (with 3 of them being her clients) to defend for myself when she saw that I was stressed and about to leave to get help. She practically ran out of the office when she saw that I closed my laptop and was about to leave to find support.

**RETALIATION BY SUPERVISOR AND FALSE REPORT (Code of Virginia 2.2-3011 and VII of Civil Rights Act):** Also on February 13, 2018, when I reported the assault and the attack by M.W. to my supervisor, Mrs. Brianna Berkley by email, by phone, and later in person, she privately met with Mrs. Miller and they both gathered information against me and did not allow me to participate in the supervisory investigation and did not asked me any questions or if I had any comments. In retaliation of my targeting and harassment complaint against Mrs. Miller's client, M.W., (7 days after the incident or the attack by M.W.), on February 20, 2018, I was targeted and accused of verbal abuse against M.W. by Mrs. Miller and by Mrs. Brianna Berkley. Mrs. Berkley even called CPS (Child Protective Services) to legitimize the charge and the allegation against me, 7 days after the alleged incident of verbal abuse or when M.W. attacked me, but CPS did not pursue it and dropped it from their records, stating verbal abuse cases are usually not pursued and they did not deem it a serious allegation nor saw a reason to pursue or to investigate the report.

**RETALIATION AND DISCRIMINATION (Code of Virginia 2.2-3011 and VII of Civil Rights Act):** On February 20, 2018, when I responded to the verbal abuse allegation with a counter claim and defense to my supervisors, Mrs. Brianna Berkley, Mrs. Nicole Jackson, Dr. Debbie Hood, and to Investigator, Mrs. Karen Matthews, I was immediately retaliated against and placed on administrative leave. Following the 'second investigation,' (one conducted by supervisor, Mrs. Brianna Berkley and the last or the second one by Mrs. Karen Matthews), I was terminated, accused of 'serious allegation of verbal abuse' against Mrs. Miller's client, M.W. and was prevented, denied, and not allowed to see nor to dispute the final charge report during the grievance process until 5 months later during the final hearing in the employee grievance process when the hearing officer demanded that I receive it as my legal right.

**RETALIATION, DISCRIMINATION, AND FALSE REPORT (Code of Virginia 2.2-3011 and VII of Civil Rights Act):** Even the grievance process was tainted with long and unnecessary delays, misinformation, twisted facts, and Human Resources Director, Kimberly Thompson, (without permission or approval from the hearing officer), invited security or police to stand outside the door as if I was a criminal,

even telling the hearing officer (in front of HNNCSB's attorney) during the final statements of the hearing that she had security or police outside the door for me and that I was not allowed back on the property following the hearing and that I was not allowed to have any contact with any of the agency's properties or with any of the agency's staff, which further brought shame, disgrace, distress, humiliation, tainted the case, and interfered with the closing hearing process. I saw and documented Mrs. Thompson's actions as retaliation for my participation in the grievance process, for filing a complaint with the EEOC, and for pursuing my human and employee rights. The final charge and allegation was tainted with lies, twisted facts, and misinformation which I can prove are not true, and the attack and the assault made by M.W. towards me was purposely left out of the charge, as was Mrs. Bethany Miller's neglect or non-response to the incident, proving that Mrs. Miller was still targeting and harassing me and seeking to get me in trouble.

**TARGETING, DISCRIMINATION, HARASSMENT, AND FALSE REPORTING (Code of Virginia 2.2-3011 and VII of Civil Rights Act):** On February 13, 2019, in the TDT Office at Syms Middle School, Mrs. Miller even sat with M.W. following the incident (of Mrs. Miller's client, M.W. targeting, harassing, physically attacking me and rampaging through my things) to gather information and to initiate and to influence a false allegation of verbal abuse (and there is a possibility that she recorded the incident) to use against me when she did not try to stop her client M.W. from assaulting and attacking me. Mrs. Miller even called M.W.'s mother and father and made negative reports about me during the investigation process, which was against company policy during an investigation. See final charge report containing the call which was made to M.W.'s mother, proving that Mrs. Miller or Mrs. Berkley were targeting me and trying to get me into trouble. In my targeting report of Mrs. Miller, made on December 4, 2017, I had informed my supervisors that Mrs. Miller was out to get me into trouble by targeting me, harassing me, and spreading negative information about me to staff and to others. M.W.'s previous TDT Counselor, Ms. Ashli Eley would not have allowed M.W. or allowed any client to target, to disrespect, and to harass me or any other client or staff for that matter. Reports from the TDT clients who

witnessed and were present in the TDT Office during the incident were purposely also left out of the final charge report. 2 students, Z.C. and O.M. (one a TDT client and the other a former TDT client), also earlier confronted M.W. about his targeting, disrespect, and harassment of me, but their comments were never pursued, questioned, nor investigated.

**RETALIATION AND DISCRIMINATION (Code of Virginia 2.2-3011 and VII of Civil Rights Act):** Moreover, during my administrative leave, February 20-March 12, 2018, I issued a charge and allegations of verbal abuse of my client, K.P., along with other rule and agency violations against my coworker, Mrs. Bethany Miller. I emailed my charges and allegations against Mrs. Bethany Miller to supervisors listed above through my employee email during or prior to my administrative leave February 20-March 12, 2018 and later, March 17, 2018, I mailed a certified letter of it to Quality Management and Corporate Compliance, Mrs. Melanie Bond. My charges and allegations against Mrs. Bethany Miller were never pursued, questioned, addressed, nor investigated as mandated by state, federal, and agency law. Why were Mrs. Miller's charges and allegations against me pursued, investigated, and treated differently than my targeting reports, charges and allegations against her? According the EEOC investigation, Mrs. Miller's records were clear, with no adverse or negative reports against her, not even the targeting report or the charges and allegations that I made against her were located. The EEOC investigator issued a 'right to sue notice' because he saw some things which did not add up, such as all female staff, Mrs. Miller's records being clear, and no reports documented against her. As the result of Mrs. Bethany Miller's and her client, M.W.'s behaviors, the agency's and Mrs. Brianna Berkley's actions, I was singled out, discriminated against, denied my rights, targeted and harassed, and treated differently than my peers. During my time of employment with HNNCSB, there were a lot of whispering, gossip, private conversations, and I was purposely kept out of the loop of what was happening around me, including events which were related to me or were related to my clients, such as a shooting event, client who possibly brought knives to school, and a client who rampaged the assistant principal's office at Syms, breaking, if not all, her figurines and fixtures. Out of the around 900

employees, the agency is possibly 98% females and the possibly 2% males are treated differently, disrespected, rarely (if ever) promoted, hired last, and the first to be fired or rushed out of the agency over trivial matters. According to one male employee, "They never listen to me. I just come to work, do what I am asked, and go home." In many respects males are basically ignored, overlooked, and disregarded as important by the agency, even when we tend to bond, to interact and to do well with most of the clients. Some clients, especially the male TDT clients, have stated that they get tired of being around females (teachers and TDT staff) all day. Because the agency is pro female and disregards males, it was too easy for Mrs. Miller and Mrs. Berkley and administration to turn the tide against me in a false verbal abuse report, as a male, even in the face of mitigating circumstances, contrary facts, contrary witnesses, and contrary evidence. I was made to feel like an outsider even when I was on the inside, and no one listened to me, even when I presented facts, argued my case or could secure witnesses. The agency needs to do more to support, to recruit, to mentor, to train, and to retain males, even if adjustments to policies and procedures have to be made.

CONCLUSION: I seek to face and to cross-examine my actual accusers, specifically to include: former supervisor, Mrs. Brianna Berkley, former coworker, Mrs. Bethany Miller, and her client M.W., to call TDT clients and former TDT Counselor, Ms. Ashli Eley as witnesses to M.W. constantly targeting, disrepecting, and harassing me, and to have the verbal abuse charged dropped from my records, and to have my name and reputation restored. I am asking the court to throw out the bogus charges and the false allegations made against me through the agency, just as my charges, allegations, and targeting reports against former coworker, Mrs. Bethany Miller were thrown out, ignored and disregarded by the agency. I am asking the court to award me $300,000 for the damage of reputation, loss of employment, unfair treatment, the false report, and the psychological and emotional scars caused by the negligence, retaliation, discrimination, and unfair practices of the agency. In the event that I and Mrs. Miller's client M.W. should cross paths again, (at work, play, leisure or

anywhere else), I am asking the court to issue a restraining order that he not approach me, not touch me or touch my things, not stare at me, and not interact with me in any way. M.W. has to learn to not assault, to not cross boundaries, and to not attack others at his whim or will. He has no right to target, neither to harass, or put his hands on anyone nor to touch his or her private property. These are my requests which I asked of the court and the jury.

Rev. Carl A. Melvin     Signed: _Rev. Carl A. Melvin_     Date: June 25, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
_Newport News_ DIVISION

_Rev. Carl A. Melvin_
Plaintiff(s),

v.

_Hampton-Newport News Community Services Board_
Defendant(s).

Civil Action Number: _____

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** _the Charge and Complaint_ .
(Title of Document)

_Rev. Carl A. Melvin_
Name of *Pro Se* Party (Print or Type)

_Rev. Carl A. Melvin_
Signature of *Pro Se* Party

Executed on: _June 25, 2019_ (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** _N/A_ .
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)